IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELI REISMAN,** individually and on behalf of
all others similarly situated,

Case No. 1:24-cv-00381

*Plaintiff,*

**CLASS ACTION**

**JURY TRIAL DEMANDED**

*v.*

**KP COMMERCE LLC**

*Defendant.*

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Eli Reisman respectfully submits this response to the Court's order to show

cause requesting why the case should not be dismissed without prejudice for failure to prosecute.

In response, Plaintiff states that the case has not been prosecuted thus far because the Defendants

in this action have been named in an action by the Federal Trade Commission. *FTC v. Legion
Media, LLC*, No. 8:24-cv-01459 (M.D. Fla. June 17, 2024). A true and correct copy of the docket

entries in the *Legion Media* case is attached herein as Exhibit A. As part of the FTC's complaint,

Exhibit B, the FTC sought and obtained the issuance of a Temporary Restraining Order, which

was filed under seal. Section XX of the order, entitled "Stay of Actions," stated in relevant part:

> IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of
> the receivership ordered herein, Defendants, Defendants', agents, employees, attorneys,
> and all other persons in active concert or participation with any of them, who receive
> actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates,
> and all investors, creditors, stockholders, lessors, customers and other persons seeking to
> establish or enforce any claim, right, or interest against or on behalf of Defendants, and
> all others acting for or on behalf of such persons, are hereby enjoined from taking action
> that would interfere with the exclusive jurisdiction of this Court over the Assets or
> Documents of the Receivership Entities, including, but not limited to: . . . .
>
> B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or
> proceeding against the Receivership Entities, including the issuance or employment of

process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations[.]

Pursuant to the terms of the Temporary Restraining Order, the Plaintiff is precluded from continuing to prosecute this case, as the defendant herein, KP Commerce LLC, is a "Receivership Entity" under the Order.

Since the time the Temporary Restraining Order was entered, and as the docket entry reflects, the Restraining Order was renewed multiple times before the Defendant KP Commerce LLC, and other related entities, entered into a consent judgment on September 16, 2024, attached herein as Exhibit C. In light of the entry of the consent judgment, the Court closed the case on September 27, 2024 in a text order. (Exhibit A, ECF No. 100). Thereafter, a number of motions, objections, and related documents were filed on the docket, most recently, an order entered in December 3, 2024, approving the Receiver's application for disbursement for payment for services rendered.

However, it is both the position of the FTC and the Receiver that the TRO is in effect and precludes the Plaintiff from continuing prosecution of this case for the time being. The Plaintiff intends to seek leave for relief from the TRO in the issuing Court, the Middle District of Florida, pursuant to the express terms thereof requiring "leave of *this* court."

Accordingly, the Plaintiff respectfully requests that he be provided until January 9, 2024 to provide a further status update to this Court, including informing the Court of the status of the relief motion that the Plaintiff will be filing.

RESPECTFULLY SUBMITTED AND DATED this December 9, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **Certificate of Service**

The foregoing document has been filed electronically, is available for viewing and downloading from the ECF system, and has been served on all parties of record via electronic service through the ECF system on December 9, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.