# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 8:24-cv-01459 |
| *Plaintiff*, | |
| | **CLASS ACTION** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| **LEGION MEDIA, LLC, et al.** | |
| *Defendants*. | |

## MOTION FOR RELIEF FROM STAY

Movant Eli Reisman respectfully submits this Motion for Relief from Stay of this Court's receivership order. Reisman is currently a plaintiff in a class action suit against one of the Defendants here, KP Commerce LLC, alleging violations of the Federal Telephone Consumer Protection Act (TCPA). *Reisman v. KP Commerce LLC,* No. 1:24-cv-00381 (D.N.M. filed Apr. 22, 2024). The Complaint in *Reisman* was filed prior to the FTC initiating this action and obtaining the relief requested, including the appointment of a temporary receiver.

As part of the FTC's complaint, the FTC sought and obtained the issuance of a Temporary Restraining Order, which was filed under seal. Section XX of the order, entitled "Stay of Actions," stated in relevant part:

> IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants', agents, employees, attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to: . . . .

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations[.]

Pursuant to the terms of the Temporary Restraining Order, the Plaintiff is precluded from continuing to prosecute his class action case advancing important consumer protection goals for violations of the TCPA, as the defendant herein, KP Commerce LLC, is a "Receivership Entity" under the Order.

Since the time the Temporary Restraining Order was entered, and as the docket entry reflects, the Restraining Order was renewed multiple times before the Defendant KP Commerce LLC, and other related entities, entered into a consent judgment on September 16, 2024. In light of the entry of the consent judgment, the Court closed the case on September 27, 2024 in a text order. Thereafter, a number of motions, objections, and related documents were filed on the docket, most recently, an order entered in December 3, 2024, approving the Receiver's application for disbursement for payment for services rendered.

2

However, it is both the position of the FTC and the Receiver that the TRO is in effect and precludes the Plaintiff from continuing prosecution of this case for the time being. The Plaintiff now seeks leave for relief from the TRO in this court, pursuant to the express terms thereof requiring "leave of *this* court."

A district court may impose a litigation stay on a non-party to a receivership as part of its inherent power as a court of equity to fashion effective relief. *S.E.C. v. Byers*, 609 F.3d 87, 91 (2d Cir. 2010). However, this right is not unlimited. "Nevertheless, an appropriate escape valve, which allows potential litigants to petition the court for permission to sue, is necessary so that litigants are not denied a day in court during a lengthy stay." *U.S. v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005).

The Ninth Circuit has articulated what has become the widely-adopted test for lifting a stay of litigation where a receiver has been appointed. Although the Eleventh Circuit has not yet had occasion to adopt the Ninth Circuit's test, the Third, Fifth, and Tenth circuits have adopted the test, as well as nearly every district court to consider the issue, including the sister Court, the Southern District of Florida. *SEC v. BKCoin Mgmt., LLC*, No. 23-CV-20719, 2024 WL 2874857, at *7 (S.D. Fla. May 17, 2024).

The Ninth Circuit held that factors to consider are: (1) whether refusing to lift the stay genuinely preserves the *status quo* or whether the moving party will

3

suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984).

As will be discussed, each one of the *Wencke* factors apply here. Start with the first, whether refusing to lift the stay will cause the moving party to suffer substantial injury if this case is not permitted to proceed. This factor "essentially balances the interests in preserving the receivership estate with the interests" of the movant. *S.E.C. v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011). Here, any prejudice to the receivership estate is minimized for especially important concerns of a class action claim that the Plaintiff seeks to bring. Moreover, the class action, which was filed *prior to this action*, alleges consumer protection claims of the same type the FTC is bringing here. It should also be noted that the class action is only against one of the receivership entities, KP Commerce LLC, and thus represents only a portion of the receivership estate.

As the Southern District of Florida noted in *BKCoin*:

> [I]f the stay were to continue and remain in place, as it has for more than a year, then Canto contends he and others would be prejudiced. Canto argues that he and the proposed class members face the risk of not being able to timely pursue their claims against Betancourt or those who may have assisted in his unlawful conduct. This is a legitimate concern, and the Undersigned concludes that this factor is in Canto's favor.

*BKCoin Mgmt., LLC*, 2024 WL 2874857, at *7.

4

As to the second factor, whether the timing of the motion will prejudice other parties or the receiver, this factor also weighs in favor of the Plaintiff. Although a judgment against KP Commerce would affect part of the receivership estate, unlike in *BKCoin*, no judgment has been entered and the receiver has already frozen and is in the process of selling some physical assets, including a watch of substantial value. Simply put, a lift of the stay to allow Mr. Reisman to pursue his claims against KP Commerce would little prejudice or affect this matter, which appears to be "nearing its completion." *Id.* The Court also noted that, as here, "the Receiver has had more than a year to gather documents and other information, alleviating any concern that the lift of the litigation stay as to Betancourt would be burdensome on the Receiver or his investigation." *Id.* at *8.

Finally, as to the third factor, the proposed nationwide class action is meritorious. With respect to this factor, a plaintiff is not required to show that he is likely to prevail on the merits; a plaintiff must show only that he has "colorable claims to assert which justify lifting the receivership stay." *Acorn Tech.*, 429 F.3d at 444. The claims that Mr. Reisman and his fellow class members have brought against KP Commerce relate to KP Commerce's illegal sending of telemarketing text messages in violation of the TCPA. The FTC's complaint alleges in pertinent part that "the Legion Media Defendants market and sell on the Internet CBD, diet, and skin care products." (Compl. ¶ 30). That is the same product, and product

5

name, "Supreme CBD," that Plaintiff Reisman has pled in his own complaint. The FTC's Complaint also describes the unauthorized sending of illegal text messages to steal customers' financial information and get them to sign up for the illegal shipping and billing schemes alleged by the FTC. (Compl. ¶ 78, 92-93). The evidence filed by the FTC in this case demonstrates that the claims Mr. Reisman seeks to litigate are well founded. *BKCoin Mgmt., LLC*, 2024 WL 2874857, at *8.

And again, although the Plaintiff here is proceeding against a receivership entity, lifting the stay against one entity will likely not disturb the status quo. As the Southern District of Florida noted, that is not basis for refusing to permit the plaintiff from "identifying third-parties who may be able to produce discovery to allow for recovery on behalf of the class. Nor is it even clear how responding to discovery upsets the status quo. And if it turns out that the Receiver is required to respond to discovery and deems those requests unduly burdensome, then he is certainly able to seek relief from the Court."

For the foregoing reasons, this Court should lift the stay with respect to the litigation in *Reisman v. KP Commerce LLC,* No. 1:24-cv-00381 (D.N.M. filed Apr. 22, 2024), and permit the Plaintiff's class action claims for violations of the Telephone Consumer Protection Act to proceed.

Dated: January 8, 2025           Respectfully submitted,

                                 */s/ Avi R. Kaufman*
                                 Avi R. Kaufman (FL Bar no. 84382)

6

kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Reisman*

7